IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2002 Session

## TERRY L. BAKER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 92-A-647      Seth Norman, Judge**

**No. M2002-00400-CCA-R3-PC - Filed December 29, 2003**

DAVID G. HAYES, J., separate concurring.

I join with the majority in concluding that resentencing is necessary for those reasons recited in the opinion. In addition, I find that resentencing is also required for the following reasons. The plea agreement, which is the subject of this appeal, was not negotiated contemporaneously with the petitioner's revocation hearing in January 1997; rather, it was negotiated at the time of his original guilty pleas in May 1995. At that time, he received a ten-year community correction sentence. The 1995 plea agreement provided that should he violate a condition of his ten-year sentence, he would then serve a "minimum of twelve years at thirty-five percent . . . and the State would request at least partial consecutive sentencing." I find this type of sentence is not authorized by our sentencing laws.

> A high degree of exactitude is required in the pronouncements of judgments imposing penal servitude, and a sentence should be definite, certain, and not dependent upon any contingency or condition. It should clearly reveal the intention of the court as to the punishment to be inflicted. Where the contrary is the case, the benefit of any doubt should be resolved in favor of the defendant.

21 AM JUR 2D, *Criminal Law*, § 821 (1998).

The State now seeks enforcement of an alternative sentence contained within the original sentence agreement based upon the contingency of a violation. I find no authority under our sentencing laws which would permit imposition of an alternative sentence based upon the existence of a future contingency. Tennessee Code Annotated Section 40-35-211 requires that a sentence be specific as to length.

Additionally, following revocation, the trial court simply pronounced a twenty-year sentence with no request by trial counsel for a sentencing hearing or any opportunity for the petitioner to be heard or to present witnesses or evidence relevant to sentencing. While the accused in a revocation proceeding is not entitled to "the full panoply of procedural safeguards associated with a criminal trial," he is, nonetheless, entitled to certain due process rights. *Black v. Romano*, 471 U.S. 606, 613-14, 105 S. Ct. 2254, 2258-59 (1985). Moreover, as alluded to in the majority opinion, in resentencing the petitioner, the court ordered imposition of a single twenty-year sentence for the seven class B felony offenses. When a defendant is sentenced upon different counts, the correct method of entering judgment is not for the total time in gross, but for a specific time under each count.

For these reasons and those expressed in the majority opinion, I find remand for resentencing necessary.

_____
DAVID G. HAYES, JUDGE